THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER B., individually and as guardian of M.B., a minor,<br><br>  Plaintiff,<br>  v.<br><br>PREMERA BLUE CROSS, *et al.*,<br><br>  Defendants. | CASE NO. C16-1904-JCC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO SEAL |

This matter comes before the Court on Defendants' unopposed motion to seal (Dkt. No. 36). Having thoroughly considered the parties' briefing and the relevant record, and finding oral argument unnecessary, the Court hereby GRANTS the motion (Dkt. No. 36) for the reasons explained herein.

## I. BACKGROUND

Included with Defendants' motion for summary judgment (Dkt. No. 37) is a declaration from Gwendolyn Payton (Dkt. No. 38). The declaration contains a number of exhibits (Dkt. Nos. 38-1, 39-1, 39-2, 39-3). Exhibit 1 is the Administrative Services Agreement between Microsoft and Premera Blue Cross (Dkt. No. 39-1). Exhibits 3, 6, 7, 8, 9, and 10 are records purported to describe the medical condition of a minor, M.B. (Dkt. Nos. 39-2, 39-3). Defendant moves that these exhibits be entered under seal. (Dkt. No. 36.). Plaintiff does not oppose this motion.

## II. DISCUSSION

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). But that right may be overcome, even in the case of dispositive motions such as Defendants' current motion for summary judgment (Dkt. No. 37), if there are "compelling reasons" for keeping documents included in the motion secret, so long as those reasons "outweigh the public's interest in disclosure." *Id.* at 1178-79.

The Court has reviewed the records at issue and concludes good cause exists to grant Defendants' motion to seal. Exhibit 1 represents confidential and proprietary information and trade secrets, as well as information about the cost and manner of third-party administrative services provided by Premera Blue Cross to Microsoft. Disclosure could create anticompetitive harm. Exhibits 3 and 6–10 represent records protected under the Health Insurance Portability and Accountability Act of 1996. Confidentiality concerns outweigh the presumption of the public's access to such records.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to seal (Dkt. No. 36) is GRANTED. The Clerk is DIRECTED to maintain under seal Exhibits 1, 3, 6–10 of Ms. Payton's declaration (Dkt. Nos. 39-2, 39-3).

DATED this 19th day of September 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE